**PREPARED BY THE COURT**

|  |  |
|---|---|
| AVANDALE HOMES, LLC, | SUPERIOR COURT OF NEW JERSEY SPECIAL CIVIL PART CAMDEN COUNTY |
| Plaintiff, | DOCKET No. CAM LT 001164-26 RESIDENTIAL NON-PAYMENT |
| v. | |
| | *CIVIL ACTION* |
| REBECCA GOULD, JOHN DOES 1-5 (15918201), | **JUDGMENT FOR POSSESSION BY DEFAULT** |
| Defendant (s) | |

This matter having been brought by verified complaint by the Plaintiff Landlord AVANDALE HOMES, LLC, represented by ISRAEL A SCHWARTZ, in an action for possession of the premises for: Non-payment of Rent, against Defendant/Tenant(s) REBECCA GOULD, JOHN DOES 1-5 (15918201), represented by ANDREW K DE HEER, and the Defendant/Tenant(s) having been noticed of and having failed to appear on the date of trial on 03/19/2026 and the Plaintiff/Landlord having submitted the appropriate proofs by way of a Landlord's Certification and a Certification by the Landlord's Attorney, if any, as required by R. 6:6-3(b), that a judgment for possession should be entered by default in this case;

And the landlord having shown that there is rent due and owing to the Landlord in the amount of  $16200.00 and a judgment for possession should enter in this case;

On this 19th day of March 2026,

Default Judgment for Possession is hereby entered in favor of the Plaintiff/Landlord for the property at issue in the Complaint; and

A Warrant for Removal allowing the landlord to take possession of the property may be issued after **03/24/2026**

/s/  **Michelle Smith**

Clerk of the Superior Court

**NOTE**: Landlords cannot evict tenants themselves; Special Civil Part Officers are the only individuals authorized to evict tenants.  Tenants cannot be evicted on a weekend or legal holiday.

**If the tenant does not voluntarily leave, the steps required for eviction are as follows:**

**Step 1 - Entry of Judgment for Possession.**  When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the premises.  This may happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "Default," or if the landlord and tenant agree to the entry of a judgment for possession.

**Step 2 - Issuance of Warrant of Removal.**  Three (3) business days after the judgment for possession is entered, the landlord may ask the court to issue a warrant of removal to a Special Civil Part Officer.  The warrant of removal may not be issued less than three (3) business days after the judgment for possession is entered.  A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

**Step 3 - Service of the Warrant of Removal.**  The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

**Step 4 –Execution of the Warrant of Removal/ Eviction**.  Three (3) business days after the warrant of removal is served, a landlord may request that the Special Civil Part Officer return to the residential rental property a second time to execute the warrant of removal by delivering and posting it on the door of the rental property.  **This is when the eviction (lockout) is completed**.

**Summary -** Adding the days above, a residential tenant cannot be evicted any earlier than eight (8) business days after a judgment for possession has been entered.  In non-payment of rent cases, even after an eviction by a Special Civil Part Officer, a residential tenant may be able to return to stay in the rental property if the tenant pays the landlord all rent due plus proper costs up to three (3) business days after the eviction. (see options below)

**Other options After a Judgment for Possession is entered are as follows**:

A.  **Agreement.**  After a judgment for possession has been entered (Step 1 above), a landlord and tenant can still try to make an agreement to stop an eviction.  If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement may be filed with the court.

B.  **Paying all Rent Due and Owing.**  By law, a tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction (Step 4 above).  The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

C.  **Asking the Court for Relief**.  A tenant can apply for relief to the Special Civil Part Court up to ten (10) days after the date of the eviction.  To do so, a tenant must file:

(1) An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

(2) A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent;

(3) An Order to Show Cause (a motion for an emergency order) under Court Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession; and/or

(4) An application for a hardship stay which delays the eviction based on the unavailability of other housing accommodations.  That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.